*Compiler of law/law library*

FILED
SUPERIOR COURT

202 AUG -2 PM 3:00

COURT
BY

**IN THE SUPERIOR COURT
OF GUAM**

BOARD OF DIRECTORS OF THE                    )    Civil Case no. CV0254-11
ASSOCIATION OF CONDOMINIUM          )
OWNERS OF PACIFIC GARDENS             )
CONDOMINIUMS,                                           )
                                                                          )
                     Plaintiff,            )    **FINDINGS OF FACT and**
                                                                          )    **CONCLUSIONS OF LAW**
       vs.                                                  )
                                                                          )
IRENE L. IMANIL,                                          )
                                                                          )
               Defendant.        )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo for a bench trial on April 5, 2012. The Plaintiff was represented by Attorney Mark S. Beggs. The Defendant appeared *pro se*. Having considered the witnesses' testimony and the evidence presented, the Court hereby makes the following findings of fact and conclusions of law:[1]

## FINDINGS OF FACT

1.      Plaintiff is a condominium homeowner's association duly formed and existing under the laws of Guam.

2.      Defendant is the owner of Unit A-22, Pacific Gardens Condominium, situated on Lot No. 1A, Block No. 1, Tract 100C, Dededo, Guam. Defendant's unit is a property within the Association of Condominium Owners of Pacific Gardens Condominiums ("Association"). Thus, the Defendant and her unit are subject to the By-Laws of the Association.

3.       Pursuant to the Bylaws of the Association, the Association duly levied certain charges and assessments in the amount of $3,350.71 plus other amounts that accrued after. The charges and assessments were for the period up to and including February 28, 2010.

4.       Despite demand for payment, Defendant failed to satisfy the Lien and other charges that

---

[1] To the extent that a finding of fact should be deemed a conclusion of law, or a conclusion of law deemed a finding of fact, it shall so be considered.

have accrued since the recording of the Lien. Pursuant to §8.01.04 of the Association's By-Laws, the outstanding balance owed to Plaintiff accrues interest at the rate of 18% per annum.

5.    In June of 2010, Defendant paid $2,590.87 for past due common area fees.

6.    Defendant was delinquent, however, in paying a special assessment fee of $666.27, Attorney's fees in the amount of $1,657.31[2], a late fee of $250.00, and interest in the amount of $605.61.

## CONCLUSIONS OF LAW

"All sums assessed by the association of apartment owners but unpaid for the share of the common expenses chargeable to any apartment constitute a lien on the apartment prior to all other liens . . . [s]uit to recover a money judgment for unpaid common expense(s) shall be maintainable without foreclosing or waiving the lien securing the same." 21 GCA § 45124(a). Based on this statute, it is evident that associations of apartment owners can recover for unpaid common expenses without foreclosing or waiving the lien that is securing the same.

In the instant case, the Plaintiff is an association of apartment owners that is owed money and has a lien against the Defendant. Based on the evidence presented at trial, the Plaintiff is owed a special assessment fee of $666.27, Attorney's fees in the amount of $1,657.31, a late fee of $250.00, and interest in the amount of $605.61. The total of such obligations amounts to $3,179.19. Pursuant to 21 GCA § 45124(a), the Court finds that the Defendant is liable to the Plaintiff for $3,179.19. Plaintiff is ORDERED to submit the Judgment.

SO ORDERED, this _____ day of _____ 8/2 _____ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

AUG 0 2 2012

Evelyn R. Borja

Deputy Clerk, Superior Court of Guam

[2] Pursuant to §8.02.06 of the Association's By-Laws, the Association is entitled to recover its reasonable attorney fees from the Defendant.